FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERP OPERATING LIMITED PARTNERSHIP, | ) | Case No. EDCV 13-1522-UA (DUTYx) |
| Plaintiff, | ) ) ) | ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |
| vs. | ) | |
| CASSANDRA C. DAVIS et al., | ) | |
| Defendants. | ) | |

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant Cassandra Davis removed it improperly.

On August 26, 2013, Defendant, having been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this separate order remanding the action to state court to prevent it from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first

place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005).

Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer Complaint clearly recites that the amount in controversy "does not exceed $10,000.00" (Compl. at 1), and Plaintiff requests $1880 in actual damages plus interest (id. at 3).

Plaintiff's unlawful-detainer action also fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Although Defendant claims that this case implicates the federal Fair Housing Act, 42 U.S.C. § 3604 (Notice of Removal at 2), it is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original). Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." Id. at 60. Because the Complaint on its face alleges only an unlawful-detainer action under state law, no basis for federal-question jurisdiction exists. See HSBC Bank USA, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer

1  action because "no basis for 'federal question' jurisdiction"
2  existed despite defendant's assertion of federal counterclaims).
3     Accordingly, IT IS ORDERED that (1) this matter be REMANDED
4  to the Riverside County Superior Court, 13800 Heacock Street,
5  Moreno Valley, California 92553, for lack of subject matter
6  jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send
7  a certified copy of this Order to the state court; and (3) the
8  Clerk serve copies of it on the parties.

10  DATED: 8/29/13

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

11  Presented by:

13  Jean Rosenbluth
14  U.S. Magistrate Judge